## Case No. 17,422.

### WEST et al. v. DAVIS.

[4 McLean, 241.] [1]

Circuit Court, D. Michigan.   June Term, 1847.

VACATING JUDICIAL SALES.

Where no fraud or unfairness is alleged, a court will not set aside a judicial sale, on the ground of inadequacy of price.

Mr. Davidson, for complainants.
Mr. Romeyn, for defendant.

McLEAN, Circuit Justice.   This is a petition representing that a decree of foreclosure entered on a certain mortgage, on a bill filed, being taken pro confesso, the mortgaged premises were ordered to be sold, and after notice given as required, they were sold for one hundred dollars; when the property is represented to be worth six hundred dollars. That it rents for seventy-five dollars per annum.   The sale was confirmed by the court. Petitioner prays that the sale may be set aside on the ground of inadequacy of price, and some other circumstances alleged.   No fraud or unfairness is suggested.

This application is opposed, first, on the ground that it asks the court to annul and set aside an order or decree entered at a previous term, which the court can not do.   That this principle is fully recognized in [Cameron v. M'Roberts] 3 Wheat. [16 U. S.] 591; [Sibbald v. U. S.] 12 Pet. [37 U. S.] 490–492; [Jackson v. Ashton] 10 Pet. [35 U. S.] 480; and that the same point was settled in Medford v. Dorsey [Case No. 9,389].   It is also urged that the biddings will not be opened and a re-sale ordered except in cases of fraud, accident or mistake.   [Duncan v. Dodd] 2 Paige, 100.   This application does not affect the original decree, but, only the confirmation of the sale.   This order is made, as a matter of course, where no objection is made, and the proceedings on their face appear to be regular.   Such an order, it would seem, can not have attached to it the same dignity as a final decree on the merits.   And if at any future time it should appear that the proceedings of the marshal had been irregular, the confirmation, we suppose. might be set aside.

There does not appear to be, in the present case, any irregularity, mistake or fraud.   The only objection urged is, that the property sold for less than its value.   We can not say that this inadequacy is so striking as to authorize the setting aside of the sale.   The application is, therefore, rejected.